SMITH ET AL., APPELLEES, *v.* MITCHELL, APPELLANT, ET AL.

[Cite as Smith *v.* Mitchell (1988), 35 Ohio St. 3d 237.]

(No. 87-826—Decided March 9, 1988.)

*Jerry P. Hontas,* for appellees.

*Buckingham, Doolittle & Burroughs* and *Lee J. Bell,* for appellant.

LOCHER, J. The primary issue presented in this action is whether an arbitrator called as a favorable witness

by a party for the purposes of cross-examination pursuant to R.C. 2711.21(D) is subject to further questioning as an adverse witness by any opposing party. We hold in the affirmative and, accordingly, reverse the decision of the court of appeals and remand this action for a new trial.

R.C. 2711.21(C) and (D) provide:

"(C) If the decision of the arbitration board is not accepted by all parties thereto, the pleadings shall be amended to aver both the fact that the controversy was submitted to an arbitration board and the decision of the arbitration board. *The decision of the arbitration board, and any dissenting opinion written by any board member, shall be admitted into evidence at trial upon the offer of any party,* if the court conducts a review of the arbitration decision and any other relevant information submitted by the parties and concludes that:

"(1) The findings of fact by the arbitration board were not clearly erroneous;

"(2) The decision is in accordance with applicable law;

"(3) The procedures required for conducting the hearing rendering the decision were followed fairly and properly without prejudice to either party.

"(D) *Any party who has not made the offer stated in division (C) of this section may subpoena any member or members of the arbitration board for purposes of cross-examination.*" (Emphasis added.)

In the cause *sub judice,* the trial court concluded that the arbitration panel's decision met the requirements of R.C. 2711.21(C)(1), (2) and (3). Appellant then offered the arbitration result into evidence and the decision was admitted by the trial court.[3] Pursuant to R.C. 2711.21(D), appellees, as the non-offering parties, were entitled to "subpoena any member or members of the board for purposes of cross-examination." In accordance with that section, appellees subpoenaed the dissenting member of the panel, Robert J. Swan.[4] Swan testified as to the conclusions he reached concerning the facts of the case. The conclusions were extremely favorable to the appellees. Counsel for appellant voiced a continuing objection to this testimony and upon the conclusion of Swan's testimony requested an opportunity to cross-examine Swan. The trial court denied the request, stating: "My understanding was that plaintiffs were calling the witness on criss [*sic*] examination in accordance with the statute. The court finds no authority for opposite counsel in these circumstances to ask questions, so the court overrules the request." The jury then returned a verdict against appellant in the exact amount that Swan had reached in the arbitration.

Appellant contends that R.C. 2711.21(D) can not be construed to dispose of his common-law right to cross-examine an adverse witness.

---

[3] That decision stated:

"Upon arbitration hearing and a consideration of all the evidence herein, it is the unanimous decision of the arbitration panel that the complaint against Mehendra K. Thakkar, M.D. be dismissed.

"It is the further decision of a majority of the panel being comprised of the undersigned and Edgar Jones, that the complaint against Edward L. Mitchell, M.D. also be dismissed.

"The dissenting member of the panel, Robert Swan, would award the plaintiffs the sum of $150,000.

"/s/ John M. Ionno.
Chairman"

[4] Swan was the arbitrator chosen by appellees to sit on the arbitration panel.

"Statutes are to be read and construed in the light of and with reference to the rules and principles of the common law in force at the time of their enactment, and in giving construction to a statute the legislature will not be presumed, or held, to have intended a repeal of the settled rules of the common law unless the language employed by it clearly expresses or imports such intention." *State, ex rel. Morris,* v. *Sullivan* (1909), 81 Ohio St. 79, 90 N.E. 146, paragraph three of the syllabus.

One of the oldest and most fundamental rights in the Anglo-American system of evidence is the right of a party to cross-examine an adverse witness. The value of the right of cross-examination is well-settled in Ohio jurisprudence. "* * * The importance of the *right* of full cross-examination, of an adverse witness, can scarcely be overestimated. As a test of the accuracy, truthfulness, and credibility of testimony, it is invaluable." (Emphasis added.) *Martin* v. *Elden* (1877), 32 Ohio St. 282, 287. "The term cross-examination would not perhaps strictly import any thing more than a leading and searching inquiry of the witness for further disclosures touching the particular matters detailed by him in his examination in chief. This, however, is said to be one of the principal and most efficacious tests which the law has devised for the discovery of truth. And inasmuch as it has for its object the disclosure of not merely the extent and degree of accuracy of the witness' knowledge, as well as the means of his knowledge, but also his motives, inclinations, powers of memory and relative situation in respect to the parties, and the subject matter of the investigation, it becomes an important test of the credibility of the witness." *Legg* v. *Drake* (1853), 1 Ohio St. 286, 291.

It is extremely difficult to conclude that the language employed by the legislature in R.C. 2711.21(D) clearly expresses an intention by that body to strip away a litigant's common-law right to cross-examine an adverse witness. As observed above, that section states: "Any party who has not made the offer stated in division (C) of this section may subpoena any member or members of the arbitration board for the purposes of cross-examination." Appellees maintain that this court previously construed this statute in *Beatty* v. *Akron City Hospital* (1981), 67 Ohio St. 2d 483, 21 O.O. 3d 302, 424 N.E. 2d 586, and arrived at such a conclusion.

In *Beatty,* this court was faced with the issue of whether R.C. 2711.21(C) was constitutional. In analyzing the reasonableness of the statutory scheme, we stated at 487, 21 O.O. 3d at 304, 424 N.E. 2d at 589:

"* * * [I]t should be noted that the arbitrators' decision, if admitted at trial at all, is just one facet of an adversarial proceeding where each party may, as in any other proceeding, introduce any admissible evidence by way of witnesses' testimony and exhibits.

"Additionally, the statute provides for a number of safeguards to the litigants in the submission of the arbitrators' decision to the jury. Under the section, the board's decision is admissible only if the trial court concludes that the hearing and decision are free from prejudice to either party. *Additionally, the statute specifically affords the non-offering party the right to subpoena and cross-examine any of the arbitrators during the trial. No similar right is provided the offering party.*" (Emphasis added.)

The right referred to in the foregoing language is obviously the right of the non-offering party to subpoena an arbitrator for cross-examination purposes as part of that party's case-in-chief. The non-offering party has the opportunity to attack the credibility of

the members of the arbitration board and their decision. As we emphasized in *Beatty,* the right of a non-offering party to subpoena an arbitrator as a witness is a safeguard to the litigants so that the jury does not place undue emphasis on the decision of the arbitration board.

However, the language of R.C. 2711.21 does not clearly express an intention by the legislature to deprive certain medical claim litigants of one of their basic common-law rights. See *State, ex rel. Morris, supra.* The statute merely prohibits the party offering the arbitration decision into evidence from calling an arbitrator as a witness to reinforce that decision. Specifically, R.C. 2711.21(D) does not operate to strip away the offering party's inviolate right to cross-examine an adverse witness.

Furthermore, "* * * [t]he net effect of the panel's decision is to provide the jury with an additional expert opinion by way of panel decision. In this respect, with appropriate handling of such by the trial court, it should be no different from any other expert testimony received at trial. The jury should still remain the final arbiter of all the factual issues presented." *Beatty, supra,* at 490, 21 O.O. 3d at 306, 424 N.E. 2d at 591. Just as the board's decision is treated as expert testimony and its panel members are subject to cross-examination, the expert testimony of a dissenting board member called by the non-offering party, such as in the case at bar, should also be subject to the questioning of any opposing party. Fundamental fairness dictates this result. The ultimate goal of a trial is to discover the truth. Cross-examination is one of the principal and most efficacious tests which the law has devised for the discovery of the truth. *Legg, supra.* This court can not trivially dispose of such an invaluable and time-honored part of trial procedure.

Therefore, we hold that an arbitrator called as a favorable witness by a non-offering party for the purposes of cross-examination pursuant to R.C. 2711.21(D) is subject to further examination as an adverse witness by any opposing party. It is obvious that the uncontested testimony of Swan had a prejudicial effect on the appellant in this case. The jury returned its verdict in the exact amount that Swan had reached in his dissenting arbitration verdict. If appellant had been given the opportunity to test Swan's credibility, the jury might have reached a different result.

Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court for a new trial.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.