OPINION
The following appeal arises from the decision of the Southwest Area County Court, Columbiana, wherein Thomas Farley was found guilty of speeding in violation of R.C. 4511.21. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
The record reflects that on May 31, 1995, Thomas Farley (appellant) was operating his motor vehicle in an easterly direction on State Route 172 in Hanover Township. At that time, an Ohio State Highway Patrol Trooper, Trooper Schneider, was traveling in a westerly direction towards appellant's vehicle. Upon viewing appellant's vehicle, the trooper activated his radar and received a reading which indicated that appellant was traveling 70 m.p.h. in a 55 m.p.h. zone. As a result, the trooper activated his lights and effectuated a stop of appellant's vehicle. After arguing with appellant that a warning was not warranted in light of the excessive speed, the trooper issued a citation for speeding in violation of R.C. 4511.21 (D).
An arraignment was held on June 9, 1995 in the Southwest Area County Court regarding the citation at which time appellant entered a plea of not guilty. Additionally, appellant waived the statutory time limit within which a hearing or trial had to be held. In light of appellant's not guilty plea, a trial was scheduled on July 14, 1995 to address the citation. In preparation for said trial, appellant took steps for the issuance of a subpoena to Trooper Schneider. In the subpoena, appellant requested that Trooper Schneider appear at the Southwest Area County Court on July 14, 1995 and bring with him the radar gun used on May 31, 1995 as well as copies of all citations he had issued in the past year.
On July 11, 1995, appellant contacted the trial court and requested that the trial be continued. The trial court granted this request and rescheduled the trial for August 11, 1995. The record reflects that subsequent to the request for continuance, appellant failed to have a second subpoena issued. However, the prosecutor did issue a subpoena on July 31, 1995 requesting that Trooper Schneider appear on August 11, 1995. While the prosecutor requested that "[e]vidence necessary for [the] speeding trial" be brought on the date of trial, no specific requests appeared on the subpoena.
This matter came for a trial to the bench on August 11, 1995. At that time, both appellant and Trooper Schneider provided testimony for the trial court's consideration. At the conclusion of the presentation of evidence and testimony, the court determined that appellant should be found guilty of speeding. As a result, the trial court fined appellant $25 plus costs. On September 8, 1995 appellant filed a timely appeal from the trial court's decision. Additionally, he requested a stay of payment as related to the fine and costs imposed by the trial court. Due to the fact that appellant had perfected a timely appeal with this court, the trial court granted the requested stay.
In regards to this appeal, appellant filed a one page pro se
brief. It is clear from a review of this brief that appellant has miserably failed in meeting any of the requirements of App.R. 16 (A) as related to the filing of a brief. Appellant has not delineated any assignments of error for this court's review and has similarly failed to provide substantiated arguments in support of his conclusory assertions. Nonetheless, in the interest of leniency towards pro se appellants, this court has consolidated the statements made in the brief into four central arguments which will be addressed herein.
This court would also note that the state did not file its brief until October 1, 1999. In light of the state's extreme tardiness in filing a brief, appellant made a motion during oral argument that this court not consider the state's brief or the arguments contained therein. In reviewing this matter, this court agrees with appellant's position and sustains his motion. The state's brief will not be considered by this court in our determination of appellant's appeal. However, the failure of an appellee to timely file a brief does not automatically entitle an appellant to a ruling in his favor. Pursuant to App.R. 18 (C), in the event an appellee does not timely file a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonablyappears to sustain such action." (Emphasis added). Since appellant's brief does not contain a statement of facts or a thorough discussion regarding assignments of error, this court will delve into the matter further to determine whether the appeal has merit.
 II. ARGUMENT NUMBER ONE
In appellant's brief, numerous statements are made regarding Trooper Schneider's failure to bring certain materials to court as requested. For instance, appellant indicates that such items as the prior year's maintenance records for the radar gun, copies of all tickets written by Trooper Schneider in the six month period preceding the trial, and Trooper Schneider's training records regarding the radar gun were not produced at trial. Appellant is of the opinion that he was denied due process since these items were requested via subpoena but were not provided at trial.
A review of the Ohio Traffic Rules fails to reveal any guidance as related to the issue of subpoenas. In situations such as these, Traf.R. 20 provides "[i]f no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply." Therefore, we must look to Crim.R. 17 for the requirements for the proper issuance of a subpoena. Crim.R. 17 (A) states as follows:
 "Every subpoena issued by the clerk * * * shall command each person to whom it is directed to attend and give testimony at a time and place therein specified. The clerk shall issue a subpoena, or a subpoena for the production of documentary evidence, signed and sealed but otherwise in blank, to a party requesting it, who shall fill it in and file a copy thereof with the clerk before service." (Emphasis added).
As the rule clearly indicates, a time and place must be specified in the subpoena which informs the person to whom the subpoena is issued of the time and location he must appear. A review of the record reveals a single subpoena issued on behalf of appellant to Trooper Schneider. Said subpoena was signed and sealed by the clerk's office on June 9, 1995 and instructed Trooper Schneider to appear and bring certain items with him on July 14, 1995. However as previously noted, appellant subsequently requested a continuance of the trial date and the matter was rescheduled for August 11, 1995. Although he requested and obtained a continuance, appellant failed to seek the issuance of a second subpoena to Trooper Schneider advising him to appear on August 11, 1995 with the items previously requested. The only other subpoena which appears in the record is that which was requested by the prosecutor's office ordering Trooper Schneider to appear at the August 11, 1995 trial.
Appellant is of the mistaken belief that the subpoena issued on June 9, 1995 should have survived the grant of the continuance thereby remaining in effect for the August 11, 1995 trial. Under appellant's argument, once a subpoena is issued to an individual there would be an ongoing duty to appear and produce the requested materials regardless of the number of continuances which had been granted. However, appellant does not provide any basis for this position. Similarly, this court is unable to locate any authority which supports such an argument. Crim.R. 17 is quite clear in its insistence that all subpoenas specify the time in which an individual must appear. As such, an individual's duty to appear ceases once the time specified has passed. If appellant wanted to compel Trooper Schneider to appear and provide certain materials, he had an obligation to properly comply with Crim.R. 17. Having failed to avail himself of the benefits of the rule, appellant has waived any error as related to the absence of certain materials at the August 11, 1995 trial.
Appellant's first argument is therefore held to lack merit.
 III. ARGUMENT NUMBER TWO
A second statement proposed by appellant which may be construed as an assignment of error relates to the exclusion of certain evidence. At trial appellant attempted to show a video to the court which allegedly illustrated the inaccuracy of the radar gun used by Trooper Schneider. Additionally, appellant asserted that the video contained expert testimony as to various environmental factors which could cause a false reading. The trial court refused to permit the video to be shown as it constituted expert testimony which could not be subjected to cross-examination. Appellant feels the trial court erred in excluding the video from its consideration.
It is a well settled principle in Ohio jurisprudence that a party to a lawsuit as a matter of right must be afforded the opportunity to cross-examine an adverse witness. As stated by the Ohio Supreme Court, this principle is "[o]ne of the oldest and most fundamental rights in the Anglo-American system of evidence." Smith v. Mitchell (1988), 35 Ohio St.3d 237, 239. The court went on to state that the right to cross-examine "can scarcely be overestimated" and is in fact "invaluable" in testing the accuracy, truthfulness and credibility of testimony. Id.
citing Martin v. Elden (1877), 32 Ohio St. 282, 287.
Based upon this longstanding premise, this court holds that the trial court correctly excluded the videotape from admission into evidence. As appellant admitted at trial, the tape was being offered as expert testimony regarding the inaccuracy of the radar used by Trooper Schneider. Had appellant been permitted to utilize this tape to support his position, the state would have been denied any opportunity to cross-examine the "experts" regarding the basis and the veracity of their conclusions.
In conjunction with the issue of cross-examination, the trial court would have been correct in excluding the tape based upon Evid.R. 702. According to Evid.R. 702 (C), an individual may testify as an expert only if the testimony is based upon reliable scientific, technical or other specialized information. Moreover, to the extent testimony is founded upon procedures, tests or experiments, said bases must be shown to be objectively verifiable or validly derived from widely accepted knowledge, facts or principles. In the event appellant was afforded the opportunity to present the videotape, the state would have essentially been denied the ability to inquire as to the methods used by the "experts" in reaching their conclusions as to the inaccuracy of the radar gun.
In light of these circumstances, it would have been error for the trial court to permit a viewing of the video. Therefore, this argument is similarly held to lack merit.
 IV. ARGUMENT NUMBER THREE
Appellant's third argument concerns the trial court's decision denying appellant the opportunity to perform an in-court experiment. During the course of the trial to the bench, appellant requested permission to perform an experiment with the radar gun which was brought by Trooper Schneider. The experiment consisted of first "clocking" the judge's bench to obtain a reading on the radar. In appellant's opinion, the radar should read zero m.p.h. since the bench is stationary. Appellant would then place a sheet of metal in the background behind the bench and "clock" the bench a second time. The sheet of metal would allegedly cause the radar to record an incorrect speed. Through this experiment, appellant contended that he could establish that metal objects near the roadway could cause the radar to record a higher speed than the vehicle was actually traveling. Since there allegedly were guardrails, metal buildings and a tractor in the vicinity where appellant was stopped, he believed that the experiment was relevant to the proceedings.
The admission of experimental evidence during the course of a trial is within the sound discretion of a trial court. State v.Jackson (1993), 86 Ohio App.3d 568, 570 citing Vogel v. Wells
(1991), 57 Ohio St.3d 91. See also City of Columbus v. Taylor
(1988), 39 Ohio St.3d 162. This court has previously adopted this principle when we decided State v. Heisler (Feb. 4, 1999), Belmont App. No. 97-BA-36, unreported. Since the admission of this type of evidence is peculiarly within the discretion of a trial court, a reviewing court should not interfere absent an abuse of discretion. Taylor and Vogel, supra. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. The key focus as to an experiment's admissibility should be on whether there is a substantial similarity between the conditions in existence when the experiment is performed and those existing at the time of the occurrence in dispute. Jackson and Heisler,supra.
In the case sub judice, there was no showing by appellant that the in-court experiment would create substantially similar conditions as those in existence when Trooper Schneider "clocked" appellant at 70 m.p.h. Similarly, a review of the record does not reveal that the experiment as it was to be presented by appellant would have created conditions substantially similar to those existing when appellant was cited. Appellant's experiment consisted solely of "clocking" a stationary object from a short distance in a static environment. Appellant would then "clock" the same stationary object from the same short distance with a piece of metal in the immediate background. In the actual setting where appellant was cited, there were numerous environmental factors at work which could not be captured by appellant's experiment. Additionally, the radar gun was mounted in a moving vehicle and was used to check the speed of a second vehicle which was traveling at a distance far in excess of that which could be captured by an in-court experiment.
Furthermore, while appellant asserts that a number of metal structures were in the immediate vicinity, Trooper Schneider testified that appellant was not near these structures when he was picked up on radar. As the trial court correctly indicated, only Trooper Schneider knows at what point appellant was "clocked" at 70 m.p.h. as he was the only individual who was sitting in the Highway Patrol vehicle. As such, appellant is not able to establish whether any metal structures which may have been near portions of the roadway had any effect on the radar reading. Since the trial court is in the best position to determine witness credibility, it was within its discretionary limits to rely upon the testimony of Trooper Schneider rather than that of appellant. State v. DeHass (1967), 10 Ohio St.2d 230,231.
Having failed to indicate in the record that the experiment with the radar gun would create substantially similar conditions as those which existed at the time the citation was issued, appellant is unable to persuade this court that the trial court abused its discretion when it excluded the experiment from its consideration. Therefore, appellant's third argument is held to lack merit.
 V. ARGUMENT NUMBER FOUR
The final argument to be addressed is that the decision of the trial court is against the manifest weight of the evidence. This court generously construes the statement "I was not guilty" to give rise to a manifest weight analysis.
Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Clemons
(1998), 82 Ohio St.3d 438, 444 quoting State v. Thompkins (1997),78 Ohio St.3d 380, 387. Reviewing courts will not reverse a decision on manifest weight grounds unless after evaluating the record, weighing the evidence and the inferences that can be reasonably drawn therefrom, and considering the witnesses' credibility, the court determines that the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, supra quoting State v. Martin (1983), 20 Ohio App.3d 172,175. Only in exceptional cases where the evidence weighs heavily against the conviction should the court grant a new trial on manifest weight grounds. Id. In contrast to a sufficiency review, an appellate court in deciding whether a conviction is against the manifest weight of the evidence, is not required to view the evidence in a light most favorable to the prosecution but rather should determine whether the prosecution has carried its burden of persuasion. Id. at 390.
Moreover, an appellate court must keep in mind that despite the above noted standard, the determination regarding witness credibility is primarily for the trier of fact. State v. Hill
(1996), 75 Ohio St.3d 195, 205 citing State v. DeHass (1967),10 Ohio St.2d 230, 231. The rationale behind this precedent is that the trier of fact occupies the optimal viewpoint for observing and assessing the demeanor of the witnesses as they testify.Myers v. Garson (1993), 66 Ohio St.3d 610, 615; Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80.
A review of the record reveals that the trial court's decision must be affirmed as it is not against the manifest weight of the evidence. In support of the citation, the state called Trooper Schneider to the stand. During the course of direct examination, the state established that Trooper Schneider received extensive training regarding the radar gun in question and was in fact certified to operate such. Schneider further testified that he had followed standard procedure for calibrating the instrument on the day the citation was issued to appellant. Certificates were introduced establishing the accuracy of the tuning forks used in calibrating the radar as well as establishing the proper calibration of the radar itself.
It was also established that Trooper Schneider had used this type of radar on thousands of prior occasions during his numerous years of service as an Ohio State Highway Patrol Trooper. Through this period of time, Schneider had been made aware of certain errors which could occur when "clocking" a moving vehicle. Moreover, Schneider testified that he was aware of indicators which would alert him that a false reading had been obtained. In Schneider's opinion, no such errors had occurred when he obtained a reading of 70 m.p.h. on appellant's vehicle.
Appellant attempted to combat the state's position by arguing that Trooper Schneider had received an erroneous reading on the radar. It was appellant's belief that he was not speeding when the trooper's car came into view. While appellant attempted to establish that certain buildings and farm equipment in the area affected the reading received by the radar, Schneider refused to accept this position. Schneider testified that on prior occasions he had issued numerous citations for speeding on the same road and had never experienced any type of interference from the buildings referenced by appellant. Additionally, Schneider indicated that the sound emitted by the radar unit as well as his own visual observation were consistent with a reading of 70 m.p.h.
Based upon the contents of the record, the trial court was presented with ample evidence to support a finding of guilt on the speeding offense. In addition to the radar reading, the trial court was permitted to rely upon Trooper Schneider's statements and personal observations. Furthermore, any conflicts between appellant's testimony and that of Trooper Schneider were for the trial court to resolve. Such conflicts relate to the credibility of the witnesses, determinations of which are reserved for the trier of fact. Hill and DeHass, supra.
In that the state substantiated the speeding citation, the finding of guilt cannot be held to be against the manifest weight of the evidence.
While appellant conducted himself as a gentleman before this court and appeared to earnestly believe in his innocence, that does not equate to an understanding and a compliance of the law or erode our standards of review. The law and the Rules of Practice must equally apply to the most learned legal counsel, as well as the pro se litigant. Quite simply. appellant, despite his best efforts, participated in a proceeding wherein he lacked a working familiarity with both of those factors.
Therefore, we have no alternative but to conclude that the decision of the trial court is affirmed in its entirety and the trial court is ordered to lift the stay it had previously imposed.
Cox, P.J., concurs in judgment only.
Donofrio, J., concurs.
APPROVED:
 _________________________________ JOSEPH J. VUKOVICH, JUDGE